IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00406-PSF-BNB

JONATHAN COLLINS, and
JOANNA COLLINS,

    Plaintiffs,

v.

JEANETTE M. MILLER, and
LETICIA GALVAN,

    Defendants,

and

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Intervenor.

## ORDER ON MOTIONS TO DISMISS

This matter is before the Court on Defendant Jeanette M. Miller's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 38), filed November 2, 2005. Plaintiffs Jonathan and Joanna Collins filed their response on November 9, 2005 (Dkt. # 42). Ms. Miller filed her reply on December 1, 2005 (Dkt. # 45).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Jonathan and Joanna Collins commenced this action on March 3, 2005, seeking personal injury damages arising out of a series of automobile collisions in Weld County, Colorado, on March 6, 2002. Plaintiffs allege subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. Compl. at ¶ 2.

The Complaint lists both defendants as residents of Colorado and Mr. and Mrs. Collins as residents of Virginia.  *Id.* at ¶¶ 3-5.  However, in preparation for trial, Mr. and Mrs. Collins submitted F.R.Civ.P. 26(a)(1) disclosures listing their residence as Evans, Colorado.  Pl.'s Disclosures at 1, attached as Ex. A to Def.'s Mot. Dismiss.  Ms. Miller subsequently moved to dismiss pursuant to F.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

## II.  MOTION TO DISMISS

### A.  Standard of Review

As courts of limited jurisdiction, federal courts may only adjudicate cases authorized by and defined in the Constitution that have been entrusted to them under a jurisdictional grant by Congress.  *See* U.S. CONST. art. III, § 2; *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).  Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclus[ory] allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971).  The burden of establishing federal subject matter jurisdiction is on the party asserting it.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms.  First, if a party "make[s] a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction . . . the district court must accept the complaint's factual allegations as true."  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)

(internal citations omitted).  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits or other documents, the court may make its own findings of fact.  *Id.*  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.  *Id.*

### B. Analysis

Ms. Miller's present motion takes the second form of a Rule 12(b)(1) motion to dismiss–she has attacked the factual assertions regarding subject matter jurisdiction through other documents, specifically plaintiffs' F.R.Civ.P. 26(a)(1) disclosures.  Ms. Miller argues that because Mr. and Mrs. Collins listed their residence as Colorado in their disclosures, and given their previous sojourn in Colorado, the parties lack diversity and therefore the complaint lacks subject matter jurisdiction under 28 U.S.C. § 1332.

Diversity is determined at the time the action is commenced, and subsequent events do not divest a court of jurisdiction.  *Freeport-McMoRan, Inc., v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").  This includes a change in citizenship of the parties after the suit is filed.  *Hassan v. Allen*, 149 F.3d 1190 at **6 (Table) (10th Cir., June 24, 1998) (citing *Freeport-McMoRan, Inc.*, 498 U.S. at 428); 13B Wright, Miller & Cooper, *Federal Practice & Procedure*: Jurisdiction 2d § 3608 at 450-41 (2d ed. 1984).

Ms. Miller does not dispute that Mr. and Mrs. Collins resided in Virginia at the time of filing this suit, but rather challenges the couple's statement that they lacked intent to leave Virginia upon moving there, a slight reformulation of a necessary factor

in determining citizenship. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction . . . state citizenship is the equivalent of domicile. To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely.")

The affidavits of Mr. and Mrs. Collins state that they were born in Virginia, moved to Colorado for a period of 20 months in order for Mrs. Collins to attend nursing school (during which time the accidents giving rise to their claim occurred), and then moved back to Virginia to be closer to Mrs. Collins's parents. Aff. of Joanna Collins at ¶¶ 3-5, attached as Ex. 1 to Pl.'s Resp.; Aff. of Jonathan Collins at ¶¶ 3-5, attached as Ex. 2 to Pl.'s Resp. They remained in Virginia for approximately 25 months, longer than their tenure in Colorado, but returned to Colorado at least in part to allow the original surgeon who performed Mr. Collins's spinal surgery to perform an additional procedure. *See* Aff. of Joanna Collins at ¶¶ 5-6; Aff. of Jonathan Collins at ¶¶ 5-6. Plaintiffs also state in their affidavits that while living there they intended to remain in Virginia indefinitely. These facts and circumstances permit the inference that plaintiffs had the requisite intent to remain in Virginia–their domicile at the time of filing–indefinitely. *See Crowley*, 710 F.2d at 678 (affidavits indicating intent to remain indefinitely and inferences from circumstances permitted finding of citizenship in diverse state). Defendant Miller presents insufficient evidence to refute the inference based upon plaintiffs' sworn assertions as to their intent to remain in Virginia as of the date they filed this lawsuit. Therefore, the Court finds that plaintiffs' citizenship at the time of filing was Virginia.

**III. CONCLUSION**

For the foregoing reasons, Defendant Miller's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 38) is DENIED. The parties are directed to jointly contact forthwith the Magistrate Judge for the purpose of setting a new pretrial schedule as contemplated in his Order of December 15, 2005 (Dkt. # 51).

DATED: January 27, 2006

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge